## JAMES DESHON *vs.* DAVID DYER.

B. lent to A. his accommodation notes, taking an agreement for their punctual payment, and a written assurance by C. that D. should guarantee the same. Several weeks afterwards, C. with the consent of B. drew up the following agreement: " Received of B. his notes for $10,000, payable in six months, on two cargoes of rough rice, by the T. B. H. and G. M. S. from N. C., which rice, amounting to 11,000 bushels, I promise to deliver the same into the Boston Rice Mill within three months, to be there subject to the order of the said B., or to pay him back at the end of said time the aforesaid sum of $10,000." This agreement was signed by A., guaranteed by D., and accepted by B. The written assurance of C. was not delivered up to him, and D. did not know that such assurance was executed. *Held*, that there was a valid consideration for D.'s guaranty; and that an overstatement in the agreement of the amount of the notes actually delivered, and the omission by the plaintiff to inform the defendant of this and the other facts respecting the transaction were no defence to an action on the guaranty, in the absence of a fraudulent intent.

The objection that the true consideration of a contract of guaranty is not set out in the declaration cannot be taken for the first time in this court, at the hearing on exceptions.

CONTRACT upon a guaranty, as follows: " Boston, May 12th, 1858. Received of James Deshon his notes for ten thousand dollars payable in six months, on two cargoes of rough rice by the T. B. Hodgman and G. M. Smith from Wilmington, N. C., which rice, amounting to eleven thousand bushels, I promise to deliver the same into the Boston Rice Mill within three months from this date, (fire, explosion, or other unavoidable casualty excepted,) to be there subject of the order of the said Deshon, or to pay him back at the end of said time the aforesaid sum of ten thousand dollars or such part thereof as then shall be due on the same. As fast as the aforesaid rice is delivered into the possession of said Deshon, the amount shall be indorsed on this obligation, towards the liquidation thereof. Charles E. Parsons." " For value received I hereby guarantee to James Deshon the performance on the part of Charles E. Parsons of the foregoing obligation. David Dyer."

The declaration, after setting forth the substance of the above contract of Parsons, alleged that the defendant, in consideration of the advancement and delivery to Parsons of the said promissory notes, and for other valuable considerations, executed the guaranty.

At the trial in this court, before *Chapman,* J., the plaintiff offered evidence to show that Parsons, a son-in-law of the defendant, carried on a rice mill in Boston in 1858, and was importing cargoes of rice from North Carolina; that on the 19th of April in that year he applied to the plaintiff to lend him $10,000, which the plaintiff agreed to do provided he would procure the defendant's guaranty; that Parsons replied that he needed the loan that day, and the defendant was out of town, and he applied to B. F. Copeland, who was present, for his assurance to the plaintiff that the defendant should execute the guaranty; and Copeland signed the following agreement: " Boston, April 19, 1858. Whereas Charles E. Parsons has this day received of James Deshon his notes as follows, viz :

Deshon *v.* Dyer.

| Dated March 20, at 6 months, | | | | | | $1750. |
|---|---|---|---|---|---|---|
| " | " | 27, | " | . | . | 1750. |
| " | April | 3, | " | | . | 1750. |
| " | " | 19, | " | . | . | 1750. |
| " | " | 10, | " | | . | 1500. |
| " | " | 17, | " | . | . | ˮ 1500. |

$10,000 ;

and has agreed to procure and hand to said Deshon David Dyer's guaranty of the punctual payment of the same to said Deshon, on the part of said Parsons; now, in consideration of one dollar to me paid, I hereby assure said Deshon the faithful performance of the above on the part of the said Parsons. B. F. Copeland." There was contradictory evidence as to whether the first note was given, or, if given, whether it was not received back by the plaintiff prior to May 12th. On the 12th of May, Copeland prepared the form of the paper on which the action is brought, with the knowledge and assent of the plaintiff, and Parsons took it, copied it, signed the copy, wrote the form of guaranty, and procured the defendant's signature to it. The defendant, when he signed it, made no inquiry as to the facts, and had no knowledge of Copeland's agreement, and neither the plaintiff nor Copeland had any conversation with him respecting the matter. The plaintiff received the agreement and guaranty, but retained Copeland's agreement, and still has it, and Copeland does not object to his retaining it.

The defendant objected that Copeland's agreement, and the evidence as to the transaction described above, were not admissible ; but the objection was overruled.

The defendant requested the judge to instruct the jury that the agreement of Copeland was no consideration for the agreement of the defendant, unless it was given up by the plaintiff to Copeland for the agreement of the defendant ; that the agreement of Parsons, of May 12th, and the defendant's writing thereon, did not constitute any performance and satisfaction of Copeland's agreement; that the delivery to Parsons of the notes on the 19th of April was no consideration for the agreement of

the defendant, unless made at the defendant's request; that if the plaintiff had no direct communication with the defendant, but drew the writing and got it executed by the defendant through Parsons, he was bound to inform the defendant of all facts within his knowledge, materially affecting the defendant's contract; that it was a fraud on the part of the plaintiff to accept the agreement of May 12th, and the defendant's guaranty, knowing it to be materially untrue in the statement of the time or amount of the advance, and the security therefor; that if, before May 12th, the plaintiff had taken back from Parsons any of the notes advanced on the 19th of April, or had delivered to him only five of the notes, it was a fraud on the defendant which would avoid the contract; that the contract of May 12th was to be construed only as a stipulation for a present advance, and, under the declaration, the plaintiff could only recover " on proving the notes of April 19th delivered at defendant's request, or new consideration from plaintiff to defendant at the time of execution of said guaranty."

The judge declined to give the instructions requested, and instructed the jury, 1. That if they believed that the notes were lent and Copeland's agreement was given as above stated, there was a valid consideration for the guaranty, although the defendant did not know of Copeland's agreement, or the other particulars of the transaction; and the fact that the plaintiff did not give up Copeland's agreement was immaterial, because the delivery of the defendant's guaranty to the plaintiff was a performance of that agreement, and discharged Copeland from liability under it; but the defendant's liability was limited to the amount of the notes actually lent by the plaintiff to Parsons. 2. That a person who claims that a guarantor shall pay a debt must deal with him in good faith, and practise no deception on him either by misrepresentation or concealment of material facts; that, if five notes instead of six were actually lent to Parsons, the recital of six notes in the guaranty would not be fraudulent unless made with a fraudulent intent; that it was not necessary for the plaintiff, before accepting the guaranty, to go to the defendant and state to him the particulars of the transaction, or to make to him

any communication on the subject; that if, prior to May 12th, the plaintiff had taken back one of the notes, the transaction would not be in itself a fraud, if not done with a fraudulent intent.

The jury returned a verdict for the plaintiff, for an amount which did not include the first note mentioned in the agreement of April 19th; and the defendant alleged exceptions.

*S. Bartlett & C. M. Ellis*, for the defendant.

*W. Gaston*, for the plaintiff.

HOAR, J.   That a contract of guaranty requires a consideration to support it, and that the consideration of the original promise will not support a guaranty subsequently made, are doctrines too well settled to need the citation of authorities. But if the guaranty is accepted at the same time with the principal promise, and as a part of the same transaction, the consideration of that will be sufficient to give effect to the guaranty also.

On examining the contract signed by Parsons on the 12th of May, it is very clear that it was a new and different contract from that which was made on the 19th of April. By the arrangement first made, the plaintiff had the agreement of Parsons to take up at maturity the notes which he had borrowed, and the promise of Copeland that the defendant should give a guaranty of their punctual payment. To this contract the defendant was not a party. By the contract of May 12th, Parsons agreed that the notes were received on account of two cargoes of rice, amounting to eleven thousand bushels, and promised the plaintiff to deliver the rice within three months, or to pay him the sum of $10,000, or such part thereof as should then remain due. This new contract the defendant guaranteed; and it was delivered to the plaintiff as a substitute for that which had been originally agreed upon. The plaintiff accepted the new contract of Parsons, wholly different in its terms and obligation, in the place of the agreement to pay the notes at maturity, and accepted the defendant's guaranty in satisfaction of that which Copeland had agreed that he should have. The acceptance by the plaintiff of the substituted contract of Parsons, which discharged the earlier one, would be in itself a

sufficient consideration for the guaranty which accompanied it. The new contract of Parsons certainly discharged Copeland from his obligation. He had bound himself to procure the defendant's guaranty to a contract which was satisfied and extinguished. The release of Copeland from that liability would be another consideration ample to support the defendant's guaranty. The rulings of the court in relation to the consideration seem to us, therefore, to have been substantially correct. The lending of the notes was the consideration of Parsons's first promise, and of the collateral agreement of Copeland ; and the discharge and satisfaction of these by the delivery and acceptance of the new contract with the defendant's guaranty was the consideration of the guaranty. This was not stated at length in the instructions of the court to the jury; but it was indicated with sufficient distinctness for their guidance ; and in one connection, the court expressly state that the delivery of the guaranty was a performance of Copeland's agreement, and discharged him from liability under it.

The objection that the true consideration of the guaranty was not set forth in the declaration comes too late. It was not taken at the trial. It was merely a question of variance, which, if shown to be well founded, could have been obviated by an amendment. The only point made in reference to it, as appears by the report, was the prayer for instructions that, " under the declaration, the plaintiff could only recover on proving the notes of April 19 delivered at defendant's request, or new consideration from plaintiff to defendant at the time of execution of said guaranty." This shows that the insufficient statement of the consideration in the declaration was not the point relied on.

In the absence of fraud, we can see nothing in the relations of the plaintiff and defendant which called for any communication of facts by the plaintiff. Although it is said that the second contract was prepared by Copeland " with the knowledge and assent of the plaintiff," Copeland was in no sense the plaintiff's agent. The plaintiff had no reason to suppose that the defendant had not an equal knowledge with himself of every material fact. The contract did not profess to convey the title

to the rice, or give the plaintiff any lien or security upon it, but was wholly executory. If one of the notes was not advanced, it diminished to that extent the defendant's liability, and under the instructions given to the jury he has had the benefit of the deduction. *Judgment on the verdict for the plaintiff.*